JAMES EVANS, PROSECUTOR, v. A. MICHAEL LEPORE, RECORDER OF THE CITY OF UNION CITY, RESPONDENT.

Decided May 11, 1948.

Before CASE, CHIEF JUSTICE.

For the prosecutor, *Solomon Golat.*

For the defendant, *Fred Eichmann.*

CASE, CHIEF JUSTICE. (Orally.) In this case we are met with this proposition: the prosecutor, James Evans, was charged with distributing circulars without having first received a permit from the chief of police in conformance with the ordinance of the City of Union City regulating canvassing, soliciting and distributing circulars and other matter within that city and providing penalties for the violation. There was a conviction under that complaint. That conviction is now before me under writ of *certiorari*. This is the return of the writ of *certiorari*. I am deciding the case upon such facts and such facts only as are shown in the record before me and upon the law, as I understand it, applicable to that state of facts and to the ordinance under which the conviction was had.

The circulars that were being distributed had to do directly or indirectly with an effort to roll back as the expression in the circular had it, prices from their then level to an earlier

level and solicited the distributee to communicate with his congressman in the effort to obtain or to retain price control, and I assume that by price control was meant control under federal legislative action. So the circular was within, as I understand it, the right of American citizens to endeavor to present their views to Congress. Unless there was some valid restraint upon the exercise of that privilege and right interference with the right is unlawful.

Interference is based upon the provisions of the ordinance which provides that no person except as in the ordinance provided shall canvass, solicit or distribute circulars or any other matter, or call from house to house in the City of Union City without first having reported to and received a written permit from the chief of police, and the ordinance further provides that the chief of police shall have power to grant a permit to canvass, solicit or distribute circulars, the permit to have certain limitations as to hours or days, with the further direction to the chief of police to refuse to issue a permit in all cases where the application of the canvasser or person desiring to solicit or distribute circulars upon any further investigation made by and at the discretion of the officer shows that the person is not of good character, or that he is canvassing for a project not free from fraud. The ordinance further provides that before the permit may issue, the person desiring the permit shall make an application, giving his or her full name and address, his height, weight, place of birth, whether married or single, residence, whether or not previously arrested or convicted of crime, by whom employed, the address of employer, the clothing worn, and the description of the project for which he or she is canvassing, soliciting or distributing circulars, and that each applicant shall be fingerprinted and photographed before a permit shall be issued.

All of that is required with the net result that if the person is thus shown to be not of good character the permit may be denied and the chief of police is made the judge of whether the person is of good character or the project free from fraud.

I am unable to distinguish this case on any of the facts before me from the federal decisions that have been referred

to, *Schneider* v. *State* (*Town of Irvington*), recorded, I think, in 308 *U. S.* 147; 60 *S. Ct.* 146; *Lovell* v. *City of Griffin,* 303 *U. S.* 444; 58 *S. Ct.* 666; *McLean* v. *Mackay,* 124 *N. J. L.* 91; 10 *Atl. Rep.* (2d) 733; *Edgewater* v. *Cox,* 123 *N. J. L.* 212; 8 *Atl. Rep.* (2d) 375.

It is said that the court in those cases did not receive or consider the argument and did not consider the argument that the right of free speech and free press is subject to the police power. I think that it is not accurate to say that those questions were not presented or considered and I take it that nevertheless the proposition is sound that the right of free press and of free speech is not an absolute right but is subject to certain police powers. I am unable, sitting here as a single justice, to overrule the courts' decisions to which I have referred, and there are decisions of like character holding that such an ordinance, as the one before us does not come within the realm of reasonable control of police power against these rights that have been named.

That brings me necessarily to the conclusion that the ordinance is not sound and that the conviction thereunder should be reversed.